**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:07cv563 (TJW) |
| | § | |
| vs. | § | |
| | § | |
| XILINX, INC. & AVNET, INC. | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

### I.   NATURE OF THE ACTION

1.   Plaintiff PACT XPP Technologies, AG ("PACT"), brings this action against defendant Xilinx, Inc. ("Xilinx") and Avnet, Inc. ("Avnet") (collectively "Defendants"), for patent infringement under the laws of the United States, Title 35, United States Code.

### II.   JURISDICTION AND VENUE

2.   This is an action under the laws of the United States, 35 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1337 and 1338(a).

3.   Venue is proper in this judicial District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendants Xilinx and Avnet have done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling PACT to relief.

### III.   PARTIES

4.   PACT alleges all facts herein on information and belief, except those facts concerning the activities of PACT.

5.   PACT is a German corporation, with its principal place of business at Muthmannstr. 1, D-80939 Munich, Germany.

6. PACT is the assignee and owner of eight patents at issue in this action: U.S. Patent Nos. 6,088,795; 6,728,871 B1; 6,119,181; 6,542,998; 5,943,242; 6,859,869, 7,028,107, and 6,081,903.  PACT was assigned these eight patents by the co-inventors of each of those patents, Martin Vorbach and Robert Münch.

7. On information and belief, Xilinx is a Delaware corporation with its principal place of business at 2100 Logic Drive, San Jose, CA, 95124.  Xilinx designs, develops and markets programmable logic devices, including field programmable gate arrays ("FPGAs").  Xilinx also provides design services, customer training, field engineering and technical support for its programmable logic devices.  Xilinx's products are designed to provide high integration and quick time-to-market for electronic equipment manufacturers in end markets such as communications, industrial, consumer, automotive and data processing.  Xilinx sells its products both directly to customers and through independent distributors, such as Avnet.

8. On information and belief, Avnet is a New York corporation with its principal place of business at 2211 South 47th Street, Phoenix, AZ, 85034.  Avnet is one of the largest industrial distributors of electronic components.  Avnet distributes Xilinx's infringing products to customers in the United States and worldwide.  Additionally, Avnet provides engineering design services for Xilinx's infringing products.

## IV.   CAUSES OF ACTION

### A.   INFRINGEMENT OF U.S. PATENT NO. 6,088,795

9. On July 11, 2000, United States Patent No. 6,088,795 (the "'795 patent") was duly and legally issued for an invention entitled "Process for Automatic Dynamic Reloading of Data Flow Processors (DFPs) and Units with Two or Three-Dimensional Programmable Cell Architectures (FPGAs, DPGAs and the Like)."  PACT was assigned the '795 patent and continues to hold all rights and interest in the '795 patent.  A true and correct copy of the '795 patent is attached hereto as Exhibit A.

10. Defendants have infringed and continue to infringe the '795 patent by the manufacture, use, sale, importation, and/or offer for sale of products and services, including the

Virtex and Spartan lines of FPGAs, and by contributing to and inducing others to infringe the '795 patent. Defendants are liable for infringement of the '795 patent pursuant to 35 U.S.C. § 271.

11. Defendants' acts of infringement have caused damage to PACT, and PACT is entitled to recover from Defendants the damages sustained by PACT as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PACT's exclusive rights under the '795 patent will continue to damage PACT, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

12. Upon information and belief, Defendants' infringement of the '795 patent is willful and deliberate, entitling PACT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### B. INFRINGEMENT OF U.S. PATENT NO. 6,728,871 B1

13. On April 27, 2004, United States Patent No. 6,728,871 B1 (the "'871 patent") was duly and legally issued for an invention entitled "Runtime Configurable Arithmetic and Logic Cell." PACT was assigned the '871 patent and continues to hold all rights and interest in the '871 patent. A true and correct copy of the '871 patent is attached hereto as Exhibit B.

14. Defendants have infringed and continue to infringe the '871 patent by the manufacture, use, sale, importation, and/or offer for sale of products and services, including the Virtex and Spartan lines of FPGAs, and by contributing to and inducing others to infringe the '871 patent. Defendants are liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

15. Defendants' acts of infringement have caused damage to PACT, and PACT is entitled to recover from Defendants the damages sustained by PACT as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PACT's exclusive rights under the '871 patent will continue to damage PACT, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

16. Upon information and belief, Defendants' infringement of the '871 patent is willful and deliberate, entitling PACT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### C. INFRINGEMENT OF U.S. PATENT NO. 6,119,181

17. On September 12, 2000, United States Patent No. 6,119,181 (the "'181 patent") was duly and legally issued for an invention entitled "I/O Memory Bus System for DFPs and Units with Two- or Multi-Dimensional Programmable Cell Architectures." PACT was assigned the '181 patent and continues to hold all rights and interest in the '181 patent. A true and correct copy of the '181 patent is attached hereto as Exhibit C.

18. Defendants have infringed and continue to infringe the '181 patent by the manufacture, use, sale, importation, and/or offer for sale of products and services, including the Virtex lines of FPGAs, and by contributing to and inducing others to infringe the '181 patent. Defendants are liable for infringement of the '181 patent pursuant to 35 U.S.C. § 271.

19. Defendants' acts of infringement have caused damage to PACT, and PACT is entitled to recover from Defendants the damages sustained by PACT as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PACT's exclusive rights under the '181 patent will continue to damage PACT, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

20. Upon information and belief, Defendants' infringement of the '181 patent is willful and deliberate, entitling PACT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### D. INFRINGEMENT OF U.S. PATENT NO. 6,542,998

21. On April 1, 2003, United States Patent No. 6,542,998 (the "'998 patent") was duly and legally issued for an invention entitled "Method of Self-Synchronization of Configurable Elements of a Programmable Module." PACT was assigned the '998 patent and continues to hold all rights and interest in the '998 patent. A true and correct copy of the '998 patent is attached hereto as Exhibit D.

22.   Defendants have infringed and continue to infringe the '998 patent by the manufacture, use, sale, importation, and/or offer for sale of products and services, including the Virtex and Spartan lines of FPGAs, and by contributing to and inducing others to infringe the '998 patent.  Defendants are liable for infringement of the '998 patent pursuant to 35 U.S.C. § 271.

23.   Defendants' acts of infringement have caused damage to PACT, and PACT is entitled to recover from Defendants the damages sustained by PACT as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PACT's exclusive rights under the '998 patent will continue to damage PACT, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

24.   Upon information and belief, Defendants' infringement of the '998 patent is willful and deliberate, entitling PACT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### E.   INFRINGEMENT OF U.S. PATENT NO. 5,943,242

25.   On August 24, 1999, United States Patent No. 5,943,242 (the "'242 patent") was duly and legally issued for an invention entitled "Dynamically Reconfigurable Data Processing System."  PACT was assigned the '242 patent and continues to hold all rights and interest in the '242 patent.  A true and correct copy of the '242 patent is attached hereto as Exhibit E.

26.   Defendants have infringed and continue to infringe the '242 patent by the manufacture, use, sale, importation, and/or offer for sale of products and services, including the Virtex and Spartan lines of FPGAs, and by contributing to and inducing others' infringement of the '242 patent. Defendants are liable for infringement of the '242 patent pursuant to 35 U.S.C. § 271.

27.   Defendants' acts of infringement have caused damage to PACT, and PACT is entitled to recover from Defendants the damages sustained by PACT as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PACT's

6636-v2/1029.0010

exclusive rights under the '242 patent will continue to damage PACT, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

28. Upon information and belief, Defendants' infringement of the '242 patent is willful and deliberate, entitling PACT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### F. INFRINGEMENT OF U.S. PATENT NO. 6,859,869

29. On February 22, 2005, United States Patent No. 6,859,869 (the "'869 patent") was duly and legally issued for an invention entitled "Data Processing System." PACT was assigned the '869 patent and continues to hold all rights and interest in the '869 patent. A true and correct copy of the '869 patent is attached hereto as Exhibit F.

30. Defendants have infringed and continue to infringe the '869 patent by the manufacture, use, sale, importation, and/or offer for sale of products and services, including the Virtex and Spartan lines of FPGAs, and by contributing to and inducing others' infringement of the '869 patent. Defendants are liable for its infringement of the '869 patent pursuant to 35 U.S.C. § 271.

31. Defendants' acts of infringement have caused damage to PACT, and PACT is entitled to recover from Defendants the damages sustained by PACT as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PACT's exclusive rights under the '869 patent will continue to damage PACT, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

32. Upon information and belief, Defendants' infringement of the '869 patent is willful and deliberate, entitling PACT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### G. INFRINGEMENT OF U.S. PATENT NO. 7,028,107

33. On April 11, 2006, United States Patent No. 7,028,107 (the "'107 patent") was duly and legally issued for an invention entitled "Process for Automatic Dynamic Reloading of Data Flow Processors (DFPs) and Units with Two- or Three-Dimensional Programmable Cell

Architectures (FPGAs, DPGAs, and the like)." PACT was assigned the '107 patent and continues to hold all rights and interest in the '107 patent. A true and correct copy of the '107 patent is attached hereto as Exhibit G.

34. Defendants have infringed and continue to infringe the '107 patent by the manufacture, use, sale, importation, and/or offer for sale of products and services, including the Virtex and Spartan lines of FPGAs, and by contributing to and inducing others' infringement of the '107 patent. Defendants are liable for its infringement of the '107 patent pursuant to 35 U.S.C. § 271.

35. Defendants' acts of infringement have caused damage to PACT, and PACT is entitled to recover from Defendants the damages sustained by PACT as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PACT's exclusive rights under the '107 patent will continue to damage PACT, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

36. Upon information and belief, Defendants' infringement of the '107 patent is willful and deliberate, entitling PACT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

H.   INFRINGEMENT OF U.S. PATENT NO. 6,081,903

37. On June 27, 2000, United States Patent No. 6,081,903 (the "'903 patent") was duly and legally issued for an invention entitled "Method of Self-Synchronization of Configurable Elements of a Programmable Unit." PACT was assigned the '903 patent and continues to hold all rights and interest in the '903 patent. A true and correct copy of the '903 patent is attached hereto as Exhibit H.

38. Defendants have infringed and continue to infringe the '903 patent by the manufacture, use, sale, importation, and/or offer for sale of products and services, including the Virtex and Spartan lines of FPGAs, and by contributing to and inducing others' infringement of the '903 patent. Defendants are liable for its infringement of the '903 patent pursuant to 35 U.S.C. § 271.

39. Defendants' acts of infringement have caused damage to PACT, and PACT is entitled to recover from Defendants the damages sustained by PACT as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PACT's exclusive rights under the '903 patent will continue to damage PACT, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

40. Upon information and belief, Defendants' infringement of the '903 patent is willful and deliberate, entitling PACT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **WILLFULNESS ALLEGATIONS**

41. Representatives of PACT met and communicated with representatives of Xilinx on multiple occasions between 2001 and 2006. These meetings were conducted under Nondisclosure Agreements and other mutual assurances of confidentiality.

42. Through these meetings and communications, PACT disclosed to Xilinx details of PACT's proprietary technology. PACT specifically disclosed to Xilinx the existence of its issued patents and pending patent applications. It also disclosed to Xilinx certain aspects of PACT's technology not covered by any of PACT's patents.

43. Upon information and belief, despite direct knowledge of PACT's patent portfolio and despite having had PACT's technology explained to it in detail under assurances of confidentiality, Xilinx proceeded to infringe PACT's patents in a willful and deliberate manner.

## **JURY DEMAND**

44. PACT demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff PACT, requests entry of judgment in its favor and against Defendants as follows:

a) Declaring that Defendants have infringed U.S. Patent Nos. 6,088,795; 6,728,871 B1; 6,119,181; 6,542,998; 5,943,242; 6,859,869; 7,028,107; and 6,081,903;

b) Permanently enjoining Defendants, and the respective officers, agents, employees, and those acting in privity with it, from further infringement, contributory infringement and/or inducing infringement of U.S. Patent Nos. 6,088,795; 6,728,871 B1; 6,119,181; 6,542,998; 5,943,242; 6,859,869; 7,028,107; and 6,081,903;

c) Awarding the damages arising out of Defendants' infringement of U.S. Patent Nos. 6,088,795; 6,728,871 B1; 6,119,181; 6,542,998; 5,943,242; 6,859,869; 7,028,107; and 6,081,903, including enhanced damages pursuant to 35 U.S.C. § 284, to PACT, together with prejudgment and post-judgment interest, in an amount according to proof;

d) Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e) Awarding such other costs and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
State Bar No. 00787165
Email: rcbunt@pbatyler.com
Robert M. Parker
State Bar No. 15498000
Email: rmparker@pbatyler.com
Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Facsimile:  (903) 533-9687


Joseph S. Grinstein
State Bar No. 24002188
Email: jgrinstein@susmangodfrey.com

SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
**Lead Attorney for Plaintiff**

OF COUNSEL:
David C. Marcus
CA State Bar No. 158704
Email:  dmarcus@susmangodfrey.com
SUSMAN GODFREY L.L.P
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone:  (310) 789-3126
Facsimile:  (310) 789-3150

John M. Neukom
WA State Bar No. 36986
Email:  jneukom@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883

Russell  A. Chorush
State Bar No. 24031948
Email: rchorush@hpcllp.com
Eric Enger
State Bar No. 24045833
Email: eenger@hpcllp.com
HEIM, PAYNE & CHORUSH LLP
600 Travis, Suite 6710
Houston, TX  77002
Telephone:  (713) 221-2000
Facsimile:  (713) 221-2021

Franklin Jones, Jr.
State Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone:  (903) 938-4395
Facsimile:  (903) 938-3360

maiziech@millerfirm.com

Otis W. Carroll
State Bar No. 03895700
Email: nancy@icklaw.com
Collin M. Maloney
State Bar No.: 00794219
Email: cmaloney@icklaw.com
IRELAND CARROLL AND KELLEY, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071