**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**PACT XPP TECHNOLOGIES, AG,**

                    **PLAINTIFF,**

**V.**

**XILINX, INC.  AND AVNET, INC.**

                    **DEFENDANTS.**

Civil Action No. 2:07-cv-563 (CE)

Hon. Charles Everingham

JURY TRIAL DEMANDED

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO**
**STAY PENDING REEXAMINATION**

## <u>TABLE OF CONTENTS</u>

Page

**I.     PACT'S REQUEST FOR AN INDEFINITE STAY SHOULD BE DENIED** .............**3**

    A.     Defendants Will Be Unduly Prejudiced by Staying This Litigation........................3

    B.     Staying This Litigation Will Not Simplify the Issues in This Action.....................6

    C.     The Stage Of This Litigation and the Absence of Filed Reexaminations
           Disfavors Staying This Action..............................................................................8

**II.    CONCLUSION** ..........................................................................................................**10**

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akzenta Paneele +Profile v. Unilin Flooring, N.C.*,
  464 F. Supp. 2d 481 (D. Md. 2006) ............................................................ 4, 5

*Anascape, Ltd. v. Microsoft Corp.*,
  475 F. Supp. 2d 612 (E.D. Tex. 2007) .............................................................. 7

*Bartex Research, LLC v. Fedex Corp.*,
  611 F. Supp. 2d 647 (E.D. Tex. 2009) ................................................... 3, 9, 10

*Cequent Trailer Prods., Inc. v. Diversi-Tech Corp.*,
  2008 WL 819750 (N.D.N.Y. Mar. 25, 2008) ..................................................... 8

*Cognex Corp. v. Nat'l Instruments Corp.*,
  2001 WL 34378283 (D. Del. June 29, 2001) ................................................. 5, 9

*Gladish v. Tyco Toys, Inc.*,
  1993 WL 625509 (E.D. Cal. Sept. 15, 1993) ................................................. 6, 9

*Jain v. Trimas Corp.*,
  2005 WL 2397041 (E.D. Cal. Sept. 27, 2005) ............................................... 5, 9

*Nidec Corp. v. LG Innotek Co., Ltd.*,
  2009 WL 3673433 (E.D. Tex. Apr. 3, 2009) .................................................. 7, 9

*Orion IP, LLC v. Mercedes-Benz USA, LLC*,
  2008 WL 5378040 (E.D. Tex. Dec. 22, 2008) .................................................... 4

*Roy-G-Biv Corp. v. Fanuc, Ltd.*,
  2009 WL 1080854 (E.D. Tex. Apr. 14, 2009) .................................................... 7

*Soverain Software LLC v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005) .............................................................. 3

*Stormedia Texas, LLC v. CompUSA, Inc.*,
  2008 WL 2885814 (E.D. Tex. Jul. 23, 2008) .................................................... 4

*Widevine Techs., Inc. v. Verimatrix, Inc.*,
  2008 WL 4426484 (E.D. Tex. Sept. 25, 2008) .................................................. 8

Defendants Xilinx, Inc. ("Xilinx") and Avnet, Inc. ("Avnet") oppose plaintiff PACT XPP Technologies, AG's ("PACT") motion to stay the above-captioned lawsuit pending the outcome of reexamination proceedings at the United States Patent and Trademark Office ("PTO").

PACT has asked the Court to stay this litigation indefinitely pending reexamination proceedings. Currently, there is only one patent in reexamination proceedings out of the eleven asserted patents. That reexamination was filed on March 12, 2009, and the PTO issued a first office action on March 29, 2010 rejecting all claims on the basis of prior art cited in the petition. PACT states in its motion that it intends to file additional petitions for reexamination but so far, PACT has yet to do so. PACT's motion does not identify when it will file its requests for reexamination. Furthermore, PACT has not stated which patents or claims it would seek to put into reexamination. Nor has PACT identified any of the prior art it believes justifies the reexamination proceedings. Nevertheless, PACT requests that the litigation process be disrupted based on one or more amorphous reexamination petitions that it may file at some unknown time in the future.

Given the stage of the litigation and the uncertain timing of the prospective reexaminations, a stay is not warranted. The parties have already invested over two years worth of time and resources to litigate this lawsuit. PACT filed this action against Xilinx and Avnet on December 28, 2007. Since then, PACT served its infringement contentions on February 23, 2009. Xilinx and Avnet served their invalidity contentions in August 2009. Discovery is also well underway. The parties have substantially completed document production pursuant to this Court's Docket Control Order. Defendants served their first set of interrogatories on PACT on March 26, 2010. The majority of potential witnesses PACT named in its initial disclosures reside in Germany, and the defendants have had extensive discussions with PACT regarding the

procedures for deposing those witnesses.  As of this date, claim construction proceedings have

begun, and parties have exchanged their respective lists of terms to be construed pursuant to P.R.

4-1.

      Even if PACT were to immediately place all of its patents into reexamination, a stay in

the proceedings would not simplify this case.  Instead, it will generate additional work for both

the Court and the parties.  Additional reexaminations will create additional prosecution history

for the Court to consider during claim construction proceedings.  Furthermore, the parties would

have to redo their infringement and invalidity contentions if the claims are amended or if PACT

is allowed to assert new claims after the reexamination proceedings.  PACT has a portfolio of

patents, so a stay will allow PACT to tailor its claim language in pending applications or the

reexamined patents  to better read on the accused products, while avoiding the prior art identified

by defendants.  Accordingly, PACT will likely try to revise the claims it has put into play rather

than reduce the number of claims at issue.

      Furthermore, the stay that PACT proposes would prejudice the Xilinx and Avnet by

postponing resolution of this case and increasing litigation-related costs.  Xilinx and Avnet will

face a number of hardships if a stay is granted.  First, a stay forces Xilinx and Avnet to choose

between either stopping sales of accused products that will not be found to be infringing, or

potentially accruing several additional years' worth of damages before this action is resolved.

Furthermore, with the passage of time, witnesses' memories fade and evidence can be lost.  In

the intervening years, potential witnesses could leave the parties' employ and move beyond the

subpoena power of this Court.  Finally, to fulfill their discovery obligations, Xilinx and Avnet

would have to continue expensive and resource-intensive document retention practices while the

stay is in place.  These prejudices are especially onerous here, where PACT has requested an

open-ended stay, has not identified a definite point for the stay to be lifted, and has yet to even

file the reexaminations on which the stay is based.  If PACT lacks confidence in its claims, and

believes that there is a "substantial question of patentability" on some of its claims (as required

by the reexamination standard), it should simply withdraw them from the litigation.

## I.      PACT'S REQUEST FOR AN INDEFINITE STAY SHOULD BE DENIED

The case law of this District does not support a stay, much less PACT's request for an

open-ended stay.  "[M]otions to stay are considered on a case-by-case basis and there exists no

policy in this Court to routinely grant such motions."  *Bartex Research, LLC v. Fedex Corp.*, 611

F. Supp. 2d 647, 652 (E.D. Tex. 2009).  To routinely grant such motions "would turn

reexamination into an administrative process that must be completed before a suit for patent

infringement may move forward."  *Id*.  "In deciding whether to stay litigation pending

reexamination, courts typically consider:  (1) whether a stay will unduly prejudice or present a

clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in

question and trial of the case, and (3) whether discovery is complete and whether a trial date has

been set."  *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex.

2005) (holding that stay pending reexamination proceedings was not warranted).  As discussed

below, none of these factors support a stay in this case.

### A.      Defendants Will Be Unduly Prejudiced by Staying This Litigation.

Granting plaintiff's motion to stay would unduly prejudice Xilinx and Avnet by delaying

this litigation, potentially for several years.  It would not "actually benefit Defendants" as PACT

asserts in its opening brief.  (PACT's Br. at 5.)[1]  Courts have noted that the process of

---

[1]   As PACT states in its brief, Xilinx has put one patent into reexamination and has raised the
possibility of filing other reexamination requests.  Thus, if it truly were to Xilinx's advantage
to seek a stay in the case, it would have already done so.  Xilinx also notes that the

reexamination, together with appeals at the PTO and to the Federal Circuit, creates a "potential delay for an indefinite period." *Stormedia Texas, LLC v. CompUSA, Inc.*, 2008 WL 2885814, *1 (E.D. Tex. Jul. 23, 2008) (noting that potential for indefinite delay would prejudice the non-moving party); *see also Orion IP, LLC v. Mercedes-Benz USA, LLC*, 2008 WL 5378040, *8 (E.D. Tex. Dec. 22, 2008) ("If that action is adverse to Orion, Orion may appeal to the Board of Patent Appeals and Interferences and to the Federal Circuit.  This process could take years."). Current statistics from the PTO show that on average, a reexamination petition takes 26.5 months to process from filing to issuance of a certificate, without considering any appeals.[2]  There has only been a single Office Action in the only reexamination proceeding currently pending  (Ex. 1, 3/29/2010 Office Action), and PACT has not yet actually filed any of its threatened reexamination petitions.  The potential delay in this case is not even yet known, but is likely to be several years.  Given that parties have already invested two years of time and resources in this litigation, defendants will be unduly prejudiced by prolonging its resolution for an additional, indefinite amount of time.

Delaying resolution of this dispute unduly prejudices defendants because they would not know, for several more years, whether they can operate freely and sell their products.  In *Akzenta Paneele +Profile v. Unilin Flooring, N.C.*, a court denied the plaintiff-patentee's request for a stay before a trial date had been set, as a stay would have unduly prejudiced the defendants. *Akzenta Paneele +Profile v. Unilin Flooring, N.C.*, 464 F. Supp. 2d 481, 484-486 (D. Md. 2006). A stay would have placed the defendant in a dilemma where it could choose to either operate as

information regarding reexaminations was provided to PACT in the context of settlement negotiations and is subject to the provisions of FRE 408.

[2]   For the quarter ending in December 2009, the average reexamination petition took 31.1 months from filing to issuance of a certificate.  (Ex. 2, PTO Operational Statistics) Located at, http://www.uspto.gov/patents/stats/Reexam_Operations_March_10.pdf.

it had been and increase its potential liability during the stay, or undertake costly changes to its operations that would later prove unnecessary.  Accordingly, the Court "decline[d] to leave the infringement suit hanging over [defendant's] operations."  *Id*. at 485.  Here, if PACT's indefinite stay is granted, defendants would be in a similar bind.  They can continue selling the accused products, potentially accumulating several more years' worth of damages, or they could implement changes to the accused products that may not be necessary.  In this way, defendants would be unduly prejudiced by not knowing for many years whether their products would be found to infringe.   To the extent the Court grants a stay, Xilinx and Avnet request that the damages during the period of the stay be tolled so that the prejudice caused by the stay is reduced.

PACT should have tested its claims through reexamination and selected its best claims prior to bringing this lawsuit.  A significant delay in bringing a reexamination, and an eventual stay motion, can put the non-moving party at a significant tactical disadvantage.  *Jain v. Trimas Corp.*, 2005 WL 2397041, *2-3 (E.D. Cal. Sept. 27, 2005) (holding that plaintiff had filed a reexamination and a motion to stay to forestall an adverse summary-judgment decision, and denying motion to stay); *Cognex Corp. v. Nat'l Instruments Corp.*, 2001 WL 34378283, *2-3 (D. Del. June 29, 2001) (denying plaintiff's motion to stay six months before trial based on prejudice to defendants).  Defendants would be unduly disadvantaged here because PACT has waited until the start of claim construction — more than two years after the start of this action — to bring this motion and raise the specter of reexamination, when defendants have already invested significant time and resources in litigating the current 98 asserted claims.[3]  If PACT sincerely doubts the

---

[3]   PACT has asserted 98 claims in this litigation, though it plainly does not plan to proceed on all claims at trial.  To streamline claim construction and trial, Xilinx and Avnet asked PACT to reduce the number of asserted claims before parties begin claim-construction exchanges.

validity of its patents, it could have filed reexaminations at any point before or during this litigation.  Instead, PACT delayed until after the parties had been litigating this action for two years and have expended considerable resources on invalidity searches, drafting contentions, and producing documents.   Defendants would also be unduly prejudiced because of the costs of preserving evidence during a stay.   To fulfill their discovery obligations, defendants must preserve documents and emails generated for the accused products.   PACT has the same obligation; PACT, however, has far fewer employees than Xilinx or Avnet.   The costs of preserving evidence fall squarely on defendants.

Xilinx and Avnet would also be tactically disadvantaged because as time passes, memories fade and crucial evidence may become more difficult to locate.   Courts have recognized this difficulty, noting that witnesses may become unavailable, their memories may fade, and evidence may be lost during a lengthy stay.  *Gladish v. Tyco Toys, Inc.*, 1993 WL 625509, *2-3 (E.D. Cal. Sept. 15, 1993)  As time passes, witnesses will also leave the parties' employ, which may render them outside the subpoena power of this Court.   A potentially indefinite stay, such as may happen for PACT's contemplated but as yet unfiled reexaminations, would only exacerbate this problem, making it difficult for defendants to put up a defense. Accordingly, this factor cuts against staying this action.

### B.       Staying This Litigation Will Not Simplify the Issues in This Action.

As one Court in this district has noted, "the reexamination process may actually complicate a case by creating additional prosecution history estoppel and disavowal arguments

---

PACT recognized the need to reduce the number of asserted claims, but refused to commit to doing so.  (Ex. 3, 4/20/10 Walsh to Enger.)  Defendants believe that, rather than staying the case, it would be more efficient for PACT to select a subset of the asserted claims and to proceed on those.  That is the subject of Xilinx and Avnet's motion to limit claims.  Docket No. 91.

that must be addressed during claim construction." *Roy-G-Biv Corp. v. Fanuc, Ltd.*, 2009 WL 1080854, *2 (E.D. Tex. Apr. 14, 2009). In this case, claim construction exchanges are already underway and the addition of prosecution history through reexamination will undoubtedly impact and complicate the parties' negotiations and briefing.

Plaintiff's motion is notable for what it lacks — it does not say when PACT will file reexaminations, it does not say which patents will be the subjects, and it does not identify the art it will cite. As a result, any simplification of the issues in this action is, at best, speculative. If PACT does not file a reexamination on all claims, or if the petitions are not granted, then those claims can proceed through litigation. *Nidec Corp. v. LG Innotek Co., Ltd.*, 2009 WL 3673433, *5 (E.D. Tex. Apr. 3, 2009) ("[T]here are asserted claims in this action not in reexamination. Unless reexamination on these claims is also granted, the cause will proceed with Plaintiff's assertions of infringement of those claims."). PACT may choose not to file reexamination petitions on several of the patents-in-suit, or PACT may choose to leave some of the claims out of reexamination. Plaintiff has declined to share this information with the Court. Accordingly, it is difficult to predict what simplification, if any, would occur.

In any event, PACT makes clear that it has no real intention of simplifying this action by filing reexamination petitions. As one Court has noted, "[t]he Court must be aware that a request for examination can be used as a tactical tool to delay a case and impose costs, with no real expectation that any controversy will be resolved." *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007). PACT's apparent motivation for seeking a stay is to use reexaminations to delay this litigation to determine which of its claims are most likely to survive invalidity challenge. It has no interest in narrowing the issues in this case now. PACT states as much by saying that "Parties risk the possibility that claims dropped without prejudice now by

7

PACT will be re-litigated in the future if and when those claims are ultimately upheld by the PTO." (PACT's Br. at 2.) Even if PACT files no additional reexaminations, this is still a possibility. PACT has indicated quite plainly that it has a number of other applications pending in the PTO that it believes to read on Xilinx products, with the implication that PACT will assert those claims against Xilinx as well. Plaintiff wants to be able to pick and choose the claims that survive reexamination to assert at trial. If some claims do not survive reexamination, plaintiff will just assert others. Because of this, a stay will not simplify the issues in this litigation. If the Court is inclined to grant a stay, Xilinx and Avnet request that going forward, PACT be limited to its current list of asserted claims to the extent those claims survive reexamination in their current form.

C.     **The Stage Of This Litigation and the Absence of Filed Reexaminations Disfavors Staying This Action.**

Over two years into this action and on the eve of claim construction proceedings, only a single reexamination petition has been filed, and none have yet been filed by PACT. These circumstances do not support PACT's request for a stay. Staying an action where a reexamination has not yet been filed is inappropriate. *See Cequent Trailer Prods., Inc. v. Diversi-Tech Corp.*, 2008 WL 819750, at *2 (N.D.N.Y. Mar. 25, 2008) (denying defendant's motion for stay after action had been pending for three years and where defendant had not yet filed petition for reexamination). Similarly, staying an action where only one of eleven asserted patents is currently in reexamination is also not appropriate. *See Widevine Techs., Inc. v. Verimatrix, Inc.*, 2008 WL 4426484, *1-*2 (E.D. Tex. Sept. 25, 2008) (denying motion to stay where an *inter partes* reexamination was pending against one of two asserted patents that shared

a specification).[4]

PACT's delay in seeking reexamination and in filing its motion undermines its request for a stay.  Under similar circumstances, in *Bartex Research, LLC v. Fedex Corp.,* a court in this district denied the defendant's motion for stay, finding that the defendant had not been diligent in filing a reexamination petition.  *Bartex,* 611 F. Supp. 2d at 653-54.  There, the action had been pending for sixteen months before a petition was filed, and the defendant waited an additional four months after that before requesting a stay.  *Id.* at 653.  Similarly, this Court denied a motion for stay where a defendant delayed for nineteen months from filing the complaint in filing a petition for reexamination, and twenty-two months before seeking a stay.  *Nidec Corp.*, 2009 WL 3673433 at *7.

Other courts have denied motions to stay where a patent owner delayed in filing reexamination petitions and in moving for a stay.  *Cognex,* 2001 WL 34378283, *2-3. (denying a motion to stay where plaintiff had been aware of prior art forming the basis of its reexamination petition for several months).[5]  Here, PACT has not even identified the prior art on which it intends to rely, but it is likely that PACT has known of the art for some time now: PACT has had defendants' invalidity contentions for nearly nine months, art from the single pending reexamination request for over a year, and presumably art from when it vetted the patents prior to initiating litigation two years ago.  Because PACT has waited for an even longer

---

[4]   Nor should the single patent in reexamination be carved off to create piecemeal litigations because the goal of simplification would not be served by this.

[5]   *See also Jain v. Trimas Corp.*, 2005 WL 2397041, *2-3 (E.D. Cal. Sept. 27, 2005) (denying a motion to stay where plaintiff had known of prior art for over a year before filing reexamination, and delayed by six months before seeking a stay); *Gladish v. Tyco Toys, Inc.*, 1993 WL 625509, *2-3 (E.D. Cal. Sept. 15, 1993) (denying a motion to stay where plaintiff had learned of prior art six months before filing suit, and waited over a year after filing suit before filing petition for reexamination).

period of time, and still has not even brought its own reexamination petition, this action should not be stayed.

Moreover, the stage of this action in general counsels against staying this action.  This case is "no longer in its infancy."  *Bartex*, 611 F. Supp. 2d at 653.  PACT has already served its infringement contentions, and Xilinx and Avnet have served their invalidity contentions.  As of this filing, parties have exchanged their respective lists of terms to be construed pursuant to P.R. 4-1, and the other exchanges under the Patent Local Rules will follow soon after.  Both parties have substantially completed their document productions under the docket control order.  Xilinx has served its first set of interrogatories and those responses are due May 12, 2010.  (PACT asked for an extension of time to respond, and defendants provided the extension as a professional courtesy.)  Finally, a trial date has been set for August 2011.  These factors favor denying PACT's motion to stay and moving this action to resolution.

## II.    <u>CONCLUSION</u>

For the above-stated reasons, defendants Xilinx, Inc. and Avnet, Inc. respectfully request that the Court deny PACT's motion to stay.

DATED:  May 10, 2010                    Respectfully submitted,

By:  /s/ Samuel F. Baxter
Sam F. Baxter, Lead Attorney
Texas Bar No. 01938000
McKOOL SMITH, P.C.
505 East Travis Street, Suite 105
Marshall, TX 75670
Telephone: 903-927-2111
Facsimile: 903-927-2622
sbaxter@mckoolsmith.com

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
M. Jill Bindler
Texas State Bar No. 02319600
jbindler@mckoolsmith.com
Christopher L. Limpus
Texas State Bar No. 24026599
climpus@mckoolsmith.com
**MᴄKᴏᴏʟ Sᴍɪᴛʜ P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044


Greg Arovas (admitted *pro hac vice)*
garovas@kirkland.com
**Kɪʀᴋʟᴀɴᴅ & Eʟʟɪs LLP**
601 Lexington Avenue
New York, NY 10022
Telephone:  (212) 446-4766
Facsimile:  (212) 446-4900


Christian Chadd Taylor (admitted *pro hac vice*)
ctaylor@kirkland.com
Bao Nguyen (admitted *pro hac vice*)
bao.nguyen@kirkland.com
Kimberly Schmitt (admitted *pro hac vice*)
kimberly.schmitt@kirkland.com
Rachel M. Walsh (admitted *pro hac vice*)
rwalsh@kirkland.com
**Kɪʀᴋʟᴀɴᴅ & Eʟʟɪs LLP**
555 California St., 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

**ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIMANTS
XILINX, INC. AND AVNET, INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this pleading via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 10, 2010.

/s/ Samuel F. Baxter_____
Samuel F. Baxter

12