**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § | |
| | § | |
| v. | § | Case No. 2:07-CV-563-RSP |
| | § | |
| XILINX, INC., et al. | § | |

## MEMORANDUM AND ORDER

Plaintiff PACT XPP Technologies, AG claims that defendants Xilinx, Inc. and Avnet, Inc. infringe eleven of its patents.  Am. Compl., Dkt. No. 57.  Xilinx and Avnet (collectively, "Defendants") allege, in a section of their respective answers titled "Affirmative Defenses," that PACT's damages are limited because PACT has failed to comply with the requirements of the marking statute, 35 U.S.C. § 287.  Am. Answers, Dkt. Nos. 62 and 63.  Before the Court is PACT's Motion for Summary Judgment on Defendants' Affirmative Defense of Failure to Mark (Dkt. No. 172).  PACT believes that it is entitled to summary judgment on Defendants' "affirmative defense of failure to mark" because PACT has never made, offered for sale, or sold within the United States, or imported into the United States, a product covered by the asserted patents, and therefore did not have an obligation to mark its patented products.  Having considered the briefing and evidence offered by the parties, PACT's motion for summary judgment is **DENIED**.

## APPLICABLE LAW

### A.    SUMMARY JUDGMENT

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Any evidence must be viewed in the light most favorable to the nonmovant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v.*

*S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).   Summary judgment is proper when there is no genuine issue of material fact.  *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson*, 477 U.S. at 247-48.   The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment.  *Id.* at 248.   A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

The moving party must identify the basis for granting summary judgment and identify the evidence demonstrating the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## B.   MARKING STATUTE

A patentee may not recover damages for infringement that occurred before the patentee gave constructive or actual notice of its patent rights.  *See* 35 U.S.C. § 287(a); *Sentry Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005).   Constructive notice is given once the patentee consistently marks substantially all of its patented products.  Sentry, 400 F.3d at 918 (internal quotations and citations omitted).   The marking statute specifies several ways in which a patented product may be marked.  *See* 35 U.S.C. § 287(a).   For example, a product may be marked by affixing the word "patent," or the abbreviation "pat.," along with the number of the patent.  *Id.*  Constructive notice is required to be given if the patentee makes, offers for sale, sells or imports patented product in the United States.  *Id.*  If the patentee fails to give the required

constructive notice, then the patentee may only recover damages after actual notice is given.  The marking requirement also extends to any licensees, and the patentee must ensure that all of its licensees properly mark their patented products.  *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).  If a patentee's alleged failure to mark "is caused by someone other than the patentee, the court may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements."  *Id*. at 1111-12.

"Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device."  *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).  The notice "must be sufficiently specific to support an objective understanding that the recipient may be an infringer."  *Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010).  The filing of an infringement action provides such notice.  35 U.S.C. § 287(a).  The patentee must prove its compliance with the marking statute by a preponderance of the evidence.  *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998).  Compliance with the marking statute is a question of fact.  *See Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001).

## DISCUSSION

PACT argues that it is entitled to summary judgment on the issue of marking because it has never made, offered for sale, sold, or imported patented products within the United States, and that Defendants have no evidence to show that this material fact is genuinely disputed.  Mot. 1, Dkt. No. 172.  In support of its motion, PACT identifies deposition testimony by Peter Weber (PACT's former CEO) and Martin Vorbach (the inventor) that PACT contends is "undisputed evidence [proving] that PACT has never made, sold, offered for sale, or imported any product in the United States that is covered by a PACT patent-in-suit."  Mot. 3.

Defendants respond that PACT seeks to improperly shift the burden of proof by requiring Defendants to come forward with evidence of PACT's failure to mark.  Resp. 5-7, Dkt. No. 209. Defendants argue that because PACT would bear the burden to plead and prove compliance with the marking statute at trial, that PACT must prove "beyond peradventure" its compliance with the marking statute in order to prevail on summary judgment.  *Id.*  Defendants contend that PACT cannot meet this burden because of evidence that PACT offered unmarked products for sale in the United States.  This evidence includes an article in a trade journal announcing the future availability and pricing of patented product, discussions between PACT and potential customers in the United States regarding the patented technology, a presentation given to Texas Instruments mentioning the availability of patented product, public demonstrations of patented product in the United States, an offer to sell patented product to Xilinx, spreadsheets listing sales of patented product in the United States, and information on PACT's website accessible to potential customers in the United States describing the availability of patented product.  Resp. 8-13.  PACT's reply explains in detail how each item of Defendants' evidence does not constitute an offer for sale under the applicable law, or explains what inferences may be properly drawn from the evidence.  Reply 1-5, Dkt. No. 238.

As a threshold matter, the Court must resolve the dispute over the proper standard for deciding the instant motion for summary judgment.  Even if it is true that Defendants characterized their allegation that PACT has failed to comply with the marking statute as a defense in their pleadings, such a characterization is not controlling.  The Federal Circuit has held that a patentee's failure to comply with the marking statute is not a defense to patent infringement, but is instead a limitation on the patentee's recovery of damages when it fails to plead and prove compliance with the marking statute.  *Motorola, Inc. v. United States*, 729 F.2d

765, 769-771 (Fed. Cir. 1984).  At trial, PACT would have the burden to prove compliance with the marking statute by a preponderance of the evidence.  *Nike, Inc.*, 138 F.3d at 1446.  Because PACT would have the burden to plead and prove its compliance with the marking statute at trial, then on summary judgment PACT must prove its compliance with the marking statute "beyond peradventure."  *Fontenot*, 780 F.2d at 1194.  Therefore, PACT must show beyond peradventure that it never made, offered for sale, sold, or imported patented product within the United States.

Viewing the evidence offered by the parties in light of the proper standard for summary judgment, the Court finds that PACT cannot meet this burden.  Although the proffered deposition testimony might be adequate to support a jury's finding that PACT complied with the marking statute, it does not conclusively establish that fact.  A jury considering the deposition testimony and Defendants' evidence might reasonably conclude that PACT did not establish by a preponderance of the evidence that it never sold or offered for sale patented product in the United States.  Therefore, PACT's motion for summary judgment (Dkt No. 172) is **DENIED**.

**SIGNED this 26th day of March, 2012.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE