IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § | |
| | § | |
| v. | § | Case No. 2:07-CV-563-RSP |
| | § | |
| XILINX, INC., et al. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff PACT XPP Technologies, AG's Motion to Exclude Robert Münch. Dkt. No. 179. Also before the Court are Defendants' response, Plaintiff's reply, and Defendants' sur-reply. Dkt. Nos. 203, 216 & 236. Having considered the briefing and all relevant papers and pleadings, the Court finds that Plaintiff's motion should be **GRANTED AS MODIFIED**.

## THE PARTIES' POSITIONS

Plaintiff alleges infringement of several patents related to field-programmable gate arrays ("FPGAs"), which relate to a field of computer technology referred to as "reconfigurable processor architecture." *See* Pl.'s Opening Claim Construction Brief, Dkt. No. 140 at 1. One of the named inventors of the patents-in-suit, Robert Münch,[1] is a former employee of Plaintiff and is a citizen and resident of Germany. Dkt. No. 179 at 1. Plaintiff submits that in March 2010, Plaintiff confirmed to Defendants that neither Plaintiff nor its counsel represent Mr. Münch. *Id.* at 2. Plaintiff acknowledges it does not have proof of this in written correspondence and instead relies on a declaration regarding "internal notes" of a teleconference with Defendants' counsel. *Id.* at 2 & n.1; 5/26/2011 Enger Decl., Dkt. No.179 at Ex. 4. Because Defendants have purportedly "refused to answer" Plaintiff's interrogatory and inquiries as to whether Defendants have

---

[1] Mr. Münch's last name is also sometimes spelled as "Muench."

communicated with Mr. Münch, Plaintiff believes that Defendants may "ambush [Plaintiff] at trial with testimony from Mr. Münch." Dkt. No. 179 at 1 & 2-3. Plaintiff also submits that Mr. Münch likely engaged in confidential attorney-client communications with patent prosecution counsel while employed by Plaintiff. *Id.* at 6-7.

Defendants respond that they only contacted Mr. Münch after learning at a Rule 30(b)(6) deposition of Plaintiff that Mr. Münch did not want further contact with Plaintiff. Dkt. No. 203 at 1 & 6. Defendants argue that Plaintiff knew this much earlier but withheld the information and thereby "frustrated Defendants' efforts to contact Mr. Münch." *Id.* at 2. Defendants dispute that Plaintiff confirmed to Defendants in March 2010 that Plaintiff was not representing Mr. Münch. *Id.* at 5. Defendants represent they "have no record of this," and Defendants cite correspondence to Plaintiff's counsel on March 22, 2011, and April 4, 2011, that asked whether Plaintiff would make Mr. Münch available for deposition. *Id.* at 5 n.2. Defendants urge that "[a]ll parties recognize Mr. Münch's relevance to this litigation" because Plaintiff and Defendants listed Mr. Münch on their respective initial disclosures. *Id.* at 6-7. Defendants also submit that their first request for Plaintiff to produce Mr. Münch for deposition was by correspondence on January 26, 2010. *Id.* at 5. Defendants conclude that Plaintiff has no basis for excluding a relevant, long-disclosed witness that Defendants could only first contact in April 2011 because of Plaintiff's failure to earlier confirm that it was not representing Mr. Münch. *Id.* at 8. Defendants urge that "[Plaintiff's] failure to depose Mr. Münch is the result of [Plaintiff's] own litigation strategy to suppress rather than seek testimony from this witness." *Id.* at 9.

Plaintiff replies that the March 2010 verbal communication must have occurred because, for example: (1) Defendants demanded an answer regarding Mr. Münch by correspondence on February 8, 2010, and Defendants were then silent about Mr. Münch for the next 14 months; and

Case 2:07-cv-00563-RSP   Document 319   Filed 03/27/12   Page 3 of 8 PageID #: 22277

(2) Plaintiff demanded in August and October 2010 that Defendants disclose any of their communications with Mr. Münch. Dkt. No. 216 at 3-4. Plaintiff also notes that even though Defendants started communicating with Mr. Münch in April 2011, and discovery closed on May 12, 2011, Defendants did not produce its communications with Mr. Münch until June 16, 2011. *Id.* at 3 & 4. Plaintiff requests exclusion of Mr. Münch or, alternatively, "leave to take a 7-hour deposition of Mr. Münch outside the discovery period. In light of the time constraints and Mr. Münch's distance from Marshall[, Texas,] [Plaintiff] would agree to take his deposition while Mr. Münch is in Marshall for trial." *Id.* at 5.

In sur-reply, Defendants reiterate that "(1) Mr. Münch is one of the two co-inventors named on all asserted patents and (2) Mr. Münch has been on all parties' Rule 26(a)(1) initial disclosures since day one." Dkt. No. 236 at 2. Finally, Defendants urge that "given that [Plaintiff] intends to call the *other* named inventor (and [Plaintiff] executive) Martin Vorbach as a witness at trial, it would be prejudicial to Defendants to exclude Mr. Münch from presenting his own testimony." *Id.*

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 26 requires, in relevant part:

**(e) Supplementing Disclosures and Responses.**
**(1) In General.** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> **(B)** as ordered by the court.

Plaintiff's Interrogatory No. 1 to Defendants asked:

> Identify each communication You have had with any person or entity regarding [Plaintiff], this litigation, and/or any of the Patents-in-Suit, with the exception of persons You have retained as consulting or expert witnesses or counsel in this litigation.

Dkt. No. 179, Ex. 5 at 5.

Defendants' counsel first contacted Mr. Münch on or about April 16, 2011, and talked to him by telephone on April 22, 2011. 4/19/2011 E-mail from K. Schmitt to R. Muench, Dkt. No. 216 at Ex. 1 ("Mr. Muench - I'm an attorney representing Xilinx, Inc. I wanted to see if you'd be interested in a consulting project relating to a litigation Xilinx is involved with PACT XPP [*sic*]. Is there a good time to contact you?"); 6/2/2011 Letter from J. Taylor to J. Lahad, Dkt. No. 203, Ex. L at 2; 6/16/2011 E-mail from J. Taylor to J. Lahad, Dkt. No. 203, Ex. M at 1. Discovery closed on May 12, 2011. Dkt. No. 179 at 4. Defendants' counsel then met with Mr. Münch in person on June 3-4, 2011, for about 12.5 hours total. Dkt. No. 203, Ex. M at 1; 6/9/2011 E-mail from R. Münch, Dkt. No. 216, Ex. 2 at p. 45 of 45. According to Defendants, the April 22, 2011 phone conversation and the June 3-4, 2011 in-person meeting were the only substantive conversations between Defendants' counsel and Mr. Münch as of the time of Defendants' response brief on June 16, 2011. Dkt. No. 203, Ex. M at 1.

Defendants first notified Plaintiff of its contact with Mr. Münch on June 2, 2011, three weeks after the close of discovery and over six weeks after Defendants first contacted Mr. Münch. Dkt. No. 203, Ex. L at 2. Indeed, Mr. Münch even invoiced Defendants' counsel on May 3, 2011, for consulting services provided during the April 22, 2011 phone conversation. 5/3/2011 E-mail from C. Münch to K. Schmitt, Dkt. No. 216, Ex. 2 at pp. 24-25 of 45. Defendants did not provide Plaintiff with this invoice or its other communications with Mr. Münch until June 16, 2011, over a month after the close of discovery.

As quoted above, Rule 26(e) sets forth a duty to supplement.  In sum, Defendants were actively forming a consulting relationship with Mr. Münch weeks before the close of discovery, and Defendants' counsel had even been invoiced for Mr. Münch's time.  Plaintiff's Interrogatory No. 1 sought this type of information, as Plaintiff had reminded Defendants specifically as to Mr. Münch.  *See* 8/10/2010 & 10/14/2010 E-mails from J. Grinstein to R. Walsh, Dkt. No. 179, Ex. 8; 5/6/2011 E-mail from J. Lahad to J. Taylor, Dkt. No. 179, Ex. 12 at p. 3 of 5.  Indeed, in a letter of August 6, 2010, Defendants' counsel confirmed that "[i]f [Defendants] identify further communications [responsive to Interrogatory No. 1], they will supplement this response as required by Federal and Local Rules."  8/6/2010 Letter from R. Walsh to J. Grinstein, Dkt. No. 179, Ex. 7 at 1.  In light of all of the foregoing circumstances, Defendants failed to supplement "in a timely manner."  Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) sets forth the applicable analysis for the consequences of failure to comply with the supplementation requirement of Rule 26(e):

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
> **(1) Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. . . . .

Fed. R. Civ. P 37.

> In performing a Rule 37(c)(1) harmless error analysis . . ., this court looks to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 564 (5th Cir. 2004) (citation and internal quotation marks omitted); *see In re Sambrano*, 440 B.R. 702, 706 (W.D. Tex. Bankr. 2010); *cf. Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) ("[Rule]

37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified. . . . We agree with the circuits that have put the burden on the potentially sanctioned party to prove harmlessness. *See . . . Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir.1999).").

First, Mr. Münch's testimony is likely important because he is one of two named co-inventors of the patents-in-suit. Indeed, as Defendants note, all parties listed Mr. Münch on their initial disclosures. *See* Pl.'s Initial Disclosures, served 10/7/2008, Dkt. No. 203, Ex. A at 2; Defs.' Initial Disclosure Statement, served 10/7/2008, Dkt. No. 203, Ex. B at 4.

Second, the potential prejudice of allowing Mr. Münch to testify is substantial because Plaintiff has not deposed Mr. Münch. On one hand, Plaintiff chose not to pursue a deposition of Mr. Münch. Plaintiff's reasons are not clear from the briefing but are not particularly relevant to the present dispute. On the other hand, Plaintiff did not learn about Mr. Münch's consulting relationship with Defendants (discussed above) and listing as a potential trial witness for Defendants until after the close of discovery. Defs.' Trial Witness List, served 6/6/2011, Dkt. No. 216, Ex. 4 at p. 4 of 7.

Third, as to explanation for Defendants' failure to timely supplement, Defendants' argue that the late timing is Plaintiff's own doing because Plaintiff failed to promptly confirm that it would not be representing Mr. Münch. Plaintiff has submitted that it confirmed this back in March 2010 during a telephone conference, as discussed above. Unfortunately, neither party has produced any documentary evidence to conclusively resolve this dispute. Rather than attempt to make a finding in this regard, the Court considers the uncertainty of these facts when balancing the Rule 37(c)(1) factors. Telling, however, is that despite Plaintiff's counsel's renewed inquiries in

early May 2011 as to whether Defendants had communicated with Mr. Münch—mere days after Defendants' counsel had conferred with Mr. Münch by telephone on April 22, 2011, and had received Mr. Münch's invoice on May 3, 2011—Defendants did not disclose the fact of their communication with Mr. Münch until June 2, 2011, and did not produce actual communications until June 16, 2011.  5/3/2011 E-mail from C. Münch to K. Schmitt, Dkt. No. 216, Ex. 2 at pp. 24-25 of 45; 5/6/2011 E-mail from J. Lahad to J. Taylor, Dkt. No. 179, Ex. 12 at p. 3 of 5; 6/2/2011 Letter from J. Taylor to J. Lahad, Dkt. No. 203, Ex. L at 2; 6/16/2011 E-mail from J. Taylor to J. Lahad, Dkt. No. 203, Ex. M at 1.

Fourth, the prejudice to Plaintiff can be mitigated by requiring Defendants to produce Mr. Münch for deposition before trial.   As noted above, Plaintiff has requested this alternative form of relief if the Court denies Plaintiff's request to exclude Mr. Münch.   Dkt. No. 216 at 5.

On balance, the uncertainty about Plaintiff's potential representation of Mr. Münch, combined with the likely importance of Mr. Münch as one of only two named co-inventors, justifies modifying the general principle set forth in Rule 37(c)(1) that untimely witnesses should be excluded.  Defendants' failure to timely supplement, however, warrants affording Plaintiff some relief.   Further, Mr. Münch's consulting relationship with Defendants, as well as his invoice to Defendants' counsel, demonstrate that Mr. Münch is now under Defendants' control.

Plaintiff's motion is therefore hereby **GRANTED AS MODIFIED**: Defendants shall produce Mr. Münch for deposition in the United States,[2] at a place convenient for Plaintiff, no later than **May 13, 2012**.   If Defendants fail to do so, Mr. Münch will not be permitted to testify at

---

[2]  The parties agree that any deposition in Germany would be subject to the requirements of the "Hague Convention," which are extensive and time-consuming.  *See* Dkt. No. 179 at 2 & 6.   The Court assumes that insufficient time remains before trial to fulfill those requirements.

trial.  Defendants shall be responsible for Mr. Münch's travel and lodging expenses for this deposition.  The deposition shall be limited to seven hours on the record.

**SIGNED this 27th day of March, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE