# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § | |
| | § | |
| v. | § | Case No. 2:07-CV-563-RSP |
| | § | |
| XILINX, INC., et al. | § | |

## MEMORANDUM AND ORDER

Defendants Xilinx, Inc. and Avnet, Inc. have identified Dr. Stephen Trimberger as a fact witness and an expert witness that they may call to testify at trial. Dr. Trimberger is an engineer at Xilinx, who has been with the company since 1988. Dkt. No. 176, Ex. A at 2. Dr. Trimberger holds several degrees, including a Ph.D. in Computer Science from the California Institute of Technology. *Id.* at 1. Defendants have submitted an initial expert disclosure (Dkt. No. 176-1), a rebuttal expert disclosure (Dkt. No. 177-1), and a supplemental rebuttal expert disclosure (Dkt. No. 283-10) pertaining to Dr. Trimberger's anticipated testimony as required[1] by Federal Rule of Civil Procedure 26(a)(2)(C). Before the Court is PACT XPP Technologies, AG's Motion to Exclude the Expert Disclosure of Dr. Trimberger (Dkt. No. 176, filed May 26, 2011) and its Motion to Exclude the Rebuttal Disclosure of Dr. Stephen Trimberger (Dkt. No. 177, filed May 26, 2011). Having considered the arguments of the parties, the Court finds that Dr. Trimberger's disclosures should not be excluded. Accordingly, PACT's motions are **DENIED**.

---

[1] Federal Rule of Civil Procedure 26 was amended effective December 1, 2010. PACT suggests that the Court may simply decline to apply the 2010 amendments to this case, and on that basis alone exclude Dr. Trimberger's disclosures. Dkt. No. 176 at 15. The Supreme Court ordered that the amendments be applied to pending cases "insofar as just and practicable." Order (U.S. Apr. 28, 2010). Because there has been no showing that applying the amendments would not be just or practicable, the Court will apply the 2010 amendments to this case.

## APPLICABLE LAW

Federal Rule of Evidence 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" to provide opinion testimony.  A party must identify any expert witness they may use at trial as part of their mandatory disclosures.  Fed. R. Civ. P. 26(a)(2)(A).  If the expert witness is "retained or specially employed" to provide their opinion in a case, or is an employee of a party who regularly gives expert testimony as part of their regular duties, then a written report must be disclosed that sets forth, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B).

For all other expert witnesses, a party must disclose the subject matter of the testimony, and "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).  The Advisory Committee's note explains that this disclosure requirement is less extensive than the requirements for a written report, and that "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."

## DISCUSSION

PACT's motions seek to exclude Dr. Trimberger's disclosures in their entirety.  Neither party cites any authority for the standard this Court should apply in evaluating the sufficiency of Dr. Trimberger's disclosures under the Federal Rules of Civil Procedure.  In any event, PACT argues that the disclosures should be excluded a) to prevent the introduction of improper hearsay at trial, b) to prevent Dr. Trimberger from offering undisclosed opinions or opinions regarding excluded evidence, c) to exclude unreliable opinions, d) to exclude improper opinions regarding Xilinx's licensing practices, and e) to remedy Defendants' improper invocation of the attorney-client privilege at Dr. Trimberger's deposition.  The Court addresses each argument in turn.

A. **Improper Hearsay**

PACT argues that the disclosures should be excluded because they do not contain any opinion and are merely an attempt to "anoint [Dr. Trimberger] as a 'fact expert' immune from hearsay objections." Dkt. No. 176 at 3-5; Dkt No. 177 at 2-3. In support of its contention that the disclosures do not contain any opinion, PACT points to deposition testimony where Dr. Trimberger indicates that nothing in the disclosures are what he personally considers to be opinion. Dkt. No. 176 at 4. Defendants respond that PACT is raising an issue of semantics, and that it does not matter whether Dr. Trimberger subjectively believes that his anticipated testimony constitutes opinion. Dkt. No. 211 at 6-7.

The Court is not convinced that excluding the disclosures is necessary to prevent inadmissible hearsay or undisclosed opinions from being offered into evidence. PACT has not made any showing that timely objections at trial would be inadequate to remedy any issues that may arise. Furthermore, the Court agrees that Dr. Trimberger's subjective belief as to the nature of his testimony is irrelevant. The Court will decide at trial whether particular testimony offered into evidence constitutes opinion or fact, and whether the opinions were properly disclosed. Defendants should be prepared to explain how each opinion was properly disclosed in Dr. Trimberger's disclosures or at deposition, and any opinion not properly disclosed is subject to exclusion under Federal Rule of Civil Procedure 37(c).

B. **Undisclosed or Excluded Opinions Relating to Invalidity and Prior Art**

PACT contends that the disclosures should be excluded because Dr. Trimberger intends to "surprise" PACT at trial by offering undisclosed opinions regarding Xilinx's prior use and development of "dynamic reconfiguration" and "fixed bus interfaces," and by offering opinions relating to prior art previously excluded by the Court. Dkt. No. 176 at 5-8. Defendants argue that PACT will not be surprised at trial because Dr. Trimberger's testimony will be limited to the

topics enumerated in the disclosures, and Dr. Trimberger will comply with all of the Court's orders.  Dkt. No 211 at 8-10.

The Court finds it unnecessary to exclude Dr. Trimberger's disclosures in order to eliminate any possibility that Dr. Trimberger may offer testimony at trial regarding opinions that were not properly disclosed, or touches on topics that have been previously excluded.  All witnesses are expected to be aware of any orders relevant to their testimony, and lawyers examining witnesses should take care to avoid inviting witnesses to violate motions *in limine* or any other order.

## C.     Reliability of Opinions

PACT contends that the disclosures must be excluded because Dr. Trimberger cannot offer opinions that meet the *Daubert* standard for the reliability regarding "obviousness and validity, copying, independent development and prior art . . . because Dr. Trimberger has not adopted the relevant legal framework or applied that legal framework to the relevant facts."  Dkt. No. 176 at 8.  The Court addresses the validity opinions and the independent development or copying arguments separately.

### 1.     Validity Opinions

PACT argues that Dr. Trimberger has not performed a proper validity analysis.  Dkt. No. 176 at 9-10.  Defendants respond that Dr. Trimberger testified at his deposition that he does not plan to offer an opinion on the ultimate issue of validity, and that Defendants do not plan to elicit such an opinion.  Dkt. No. 211 at 9.

Because Defendants have disclaimed eliciting an expert opinion from Dr. Trimberger on the ultimate issue of validity, PACT's complaint in this regard is moot.

### 2. Independent Development or Copying

PACT argues that Dr. Trimberger cannot provide reliable opinions regarding independent development or copying because, aside from having never analyzed PACT's patents, Dr. Trimberger has never met any PACT employees, he is unaware of meetings that occurred between PACT and Xilinx, and he does not know when PACT invented the claimed technology. Dkt. No. 176 at 10-11. Defendants respond that Dr. Trimberger plans to offer testimony regarding when certain features were made a part of Xilinx's products. Dkt. No. 211 at 9-10.

Accepting Defendants' representation as to the nature of Dr. Trimberger's anticipated testimony, the Court finds that none of PACT's concerns suggest that Dr. Trimberger's opinions are unreliable. There has been no showing that it is necessary to know anything about PACT's patents, or events that have occurred involving PACT, in order to reliably testify to the presence of features in Xilinx's products. Therefore, the Court declines to exclude the disclosures based solely on the evidence and arguments that have been presented on this point.

### D. Licensing

PACT seeks to exclude the disclosures because Dr. Trimberger intends to opine on "the history and relevance of Xilinx's licenses to the accused products and features." Dkt. No. 177 at 2. PACT argues that this testimony would be improper because he does not have personal knowledge of the specific negotiations underlying each of the licenses and therefore could only testify that "Xilinx generally licenses technology it deems worthwhile or valuable," which is not a proper expert opinion because it is not "scientific, technical, or other specialized knowledge." Dkt. No. 177 at 5-7. PACT suggests that such testimony is improper character evidence. *Id.* at 6. PACT also complains that these opinions are faulty, rely on circular logic, and would be unhelpful to the jury. *Id.* at 7. Finally, PACT argues that Dr. Trimberger is not an expert on licensing. *Id.* at 9-10.

Defendants respond that Dr. Trimberger is not being presented as an expert on licensing, but that he may testify as a lay witness on these particular licensing issues.  Dkt. No. 212 at 1.  Defendants further argue that because Dr. Trimberger is not being offered as an expert, *Daubert* does not apply and PACT has no basis for seeking exclusion of this disclosure.  *Id.*

Because Defendants are not offering Dr. Trimberger as an expert on licensing matters, it is unnecessary for the Court to evaluate any expert opinions Dr. Trimberger may have had on these issues.  With respect to the remaining objections to Dr. Trimberger's licensing-related testimony, the Court finds that none of PACT's objections rise to the level of requiring the disclosures to be excluded.  PACT may raise objections at trial to remedy its remaining concerns.

**E.     Improper Invocation of the Attorney-Client Privilege**

PACT argues that Defendants improperly invoked the attorney-client privilege or work product doctrine during Dr. Trimberger's deposition, and that the proper remedy is to exclude Dr. Trimberger's disclosure.  Dkt. No. 176 at 13-15.  PACT relies on *In re Pioneer Hi-Bred International, Inc.*, 238 F.3d 1370 (Fed. Cir. 2001) for the proposition that Defendants waived attorney-client privilege and work product protection by disclosing Dr. Trimberger as an expert witness.  *Id.* at 13.  PACT also notes that the protections recently added by the 2011 amendments to the Federal Rules of Civil Procedure under Rules 26(b)(4)(B) and (C) do not extend to expert witnesses who do not submit a written expert report.  *Id.*  Defendants respond that *Pioneer Hi-Bred* does not control the outcome in this case because that decision was based on Rule 26(a)(2)(B) prior to the 2010 amendments, and the facts in this case are distinguishable because Dr. Trimberger's disclosures at issue in this case were made under Rule 26(a)(2)(C).  Dkt. No. 211 at 10-12.

The parties do not dispute that the communications between Dr. Trimberger and Defendants' lawyers would ordinarily be privileged.  Therefore, the remaining issue is whether

Defendants waived privilege when they designated Dr. Trimberger as an expert witness and provided disclosures under Rule 26(a)(2)(C).  In *Pioneer Hi-Bred*, the court found that privilege and work-product protection is waived when confidential information is disclosed to a testifying expert witness.  238 F.3d at 1375.  However, *Pioneer Hi-Bred* is distinguishable because the court's reasoning relied on the broader disclosure requirements that then existed for testifying expert witnesses under the Federal Rules.  *Id.*  Rule 26, as amended in 2010, now protects drafts and certain communications between a party's attorney and a testifying expert from disclosure.  Fed. R. Civ. P. 26(b)(4)(B) & (C).  Therefore, it is no longer true that all privileges and protections are waived as to confidential information disclosed to a testifying expert.

Although the amended rule explicitly provides these protections for expert witnesses who submit a written expert report under Rule 26(a)(2)(B), the Rules contemplate that privileges and protections may be available to protect communications with other types of expert witnesses, such as Dr. Trimberger.  *See* Fed. R. Civ. P. 26 advisory committee's note (2010) ("The rule does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required under Rule 26(a)(2)(C).  The rule does not exclude protection under other doctrines, such as privilege or independent development of the work-product doctrine.")  Accordingly, the Court finds that Defendants did not improperly invoke the attorney-client privilege.

For the foregoing reasons, PACT XPP Technologies, AG's Motion to Exclude the Expert Disclosure of Dr. Trimberger (Dkt. No. 176) and its Motion to Exclude the Rebuttal Disclosure of Dr. Stephen Trimberger (Dkt. No. 177) are **DENIED**.

**SIGNED this 11th day of April, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE