**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § | |
| | § | |
| v. | § | Case No. 2:07-CV-563-RSP |
| | § | |
| XILINX, INC., et al. | § | |

**MEMORANDUM ORDER**

Before the Court is defendants Xilinx Inc.'s and Avnet Inc.'s Motion to Exclude Dr. Tredennick's Opinion on Inducement (Dkt. No. 187, filed May 27, 2011). Having considered the arguments of the parties, the motion is **DENIED**.

**APPLICABLE LAW**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. A trial court is "charged with a 'gatekeeping role,' the objective of which is to ensure that expert testimony admitted into evidence is both reliable and relevant." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008).

**DISCUSSION**

Plaintiff PACT XPP Technologies AG claims that defendants Xilinx, Inc. and Avnet, Inc.[1] induce Xilinx's customers to infringe the asserted patents in contravention of 35 U.S.C. § 271(b). PACT's technical expert, Dr. Harry ("Nick") Tredennick, intends to offer his opinion

---

[1] The Court hereinafter refers to Xilinx and Avnet collectively as Xilinx.

that Xilinx actively induces infringement. Xilinx seeks to exclude Dr. Tredennick's opinion on the basis that it does not meet all the requirements for expert opinion testimony under Federal Rule of Evidence 702.

### A.     Expert Opinions Must be Based on Sufficient Facts or Data

Xilinx argues that Dr. Tredennick's opinion is not based on sufficient facts or data because it relies on customer survey evidence that some Xilinx customers use the RocketIO, Embedded EMAC, and Integrated PCI features of the Advanced Interface FPGAs, but that same evidence does not show that customers used those features in an infringing way. Dkt. No. 187 at 9-10. Moreover, this evidence is also deficient because it does not show that any direct infringement occurred in the United States. *Id.* at 10.

In response, PACT argues that it is Dr. Tredennick's opinion that the Advanced Interface FPGAs directly infringe the asserted patents, and that any use of the RocketIO, Embedded EMAC, or Integrated PCI features built into the Advanced Interface FPGAs directly infringes. Dkt. No. 218 at 6-7. PACT notes that there is evidence that Xilinx's major U.S. customers use these features, and that a majority of the customers surveyed were in North America. *Id.* at 8.

The Court finds that there are sufficient facts and data to support Dr. Tredennick's active inducement opinion. If Dr. Tredennick testifies that any use of the RocketIO, Embedded EMAC or Integrated PCI features built into Xilinx's accused products directly infringes PACT's patents, then the customer survey evidence could support a finding of direct infringement. Furthermore, based on the representations of the nature of the survey evidence, there appears to be at least some evidence that direct infringement occurred in the United States. Any weakness in Dr. Tredennick's opinion or the evidence he relies upon can be tested through cross-examination. Xilinx's objection is overruled.

### B. Expert Opinions Must Be Helpful to the Fact-Finder

Xilinx objects that Dr. Tredennick's opinion will not be helpful to the fact-finder. First, Xilinx argues that Dr. Tredennick's opinion goes to "Xilinx's state of mind or knowledge," and he relies on "'common sense' to opine that Xilinx had the specific intent to induce customers to infringe." Dkt. No. 187 at 10. Second, Xilinx contends that Dr. Tredennick "concludes that Xilinx 'likely' knew of the asserted patents and patent applications in December 2000 because Xilinx allegedly conducted due diligence on PACT, although he is not an expert on business practices related to mergers and acquisitions." *Id.* PACT responds that other courts, including the Federal Circuit, have "relied explicitly on expert evidence of intent in affirming a finding of induced infringement." Dkt. No. 218 at 8-10. *See Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1323 (Fed. Cir. 2008), and *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 735 F. Supp. 2d 560, 575-76 (E.D. Tex. 2010) (Davis, J.).

The Court has reviewed the relevant portions of Dr. Tredennick's report and finds that the opinion will be helpful to the fact-finder. First, it does not appear that Dr. Tredennick intends to testify to Xilinx's state of mind. Rather, Dr. Tredennick will testify that the accused products are designed in such a way that their intended use infringes the asserted patents. Therefore, the Court overrules Xilinx's objection.

### CONCLUSION

Xilinx's and Avnet's Motion to Exclude Dr. Tredennick's Opinion on Inducement (Dkt. No. 187) is **DENIED**.

**SIGNED this 25th day of April, 2012.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE