IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § | |
| | § | |
| v. | § | Case No. 2:07-CV-563-RSP |
| | § | |
| XILINX, INC., et al. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Strike Certain Expert Opinions of Defendants' Expert Mr. McAlexander (Dkt. No. 174, filed May 26, 2011). Having considered the briefing and the argument heard during the pretrial conference held on April 18, 2012, the Court finds that Plaintiff's motion should be **GRANTED IN PART** and **DENIED IN PART**.

## DISCUSSION

Defendants have retained Joseph McAlexander as an expert in this case. Mr. McAlexander has submitted a report disclosing his expert opinions regarding the invalidity of the asserted patents. Dkt. No. 174, Ex. A. Plaintiff "moves to strike any portion of Mr. McAlexander's report relating to whether any [prior art] references were improperly withheld from the [United States] Patent and Trademark Office [("PTO")] during the prosecution of the asserted . . . patents." Dkt. No. 174 at 1. Plaintiff argues that such testimony should not be permitted because Defendants are not asserting an inequitable conduct defense and, moreover, Mr. McAlexander is not qualified to serve as an expert on PTO practice. *Id.* Plaintiff believes that three paragraphs of Mr. McAlexander's expert report are merely "intend[ed] to sling inequitable conduct mud at the trial" by opining on purported failures to submit material prior art to the PTO during prosecution. *Id.* at 1-2. Alternatively, Plaintiff submits that these opinions should be stricken because Mr. McAlexander has not applied the correct test for materiality. *Id.*

at 3-5.

The three paragraphs of Mr. McAlexander's report at issue opine that the "Hartenstein" reference was material to patentability but was not disclosed to the PTO during prosecution:

> 43. . . . I further understand that everyone who applies for a patent as an inventor, who assists in the application, or who acts as an attorney, must disclose anything that is material to patentability, that is, something someone of ordinary skill in the art at the relevant time would like to see if trying to determine if an invention is new. It is also my understanding that a patent examiner has about an average of 18 hours total to work on each application, including the review of materials on novelty of the invention, and that an applicant has no opponent or adversary in this process as in a Court case.
>
> * * *
>
> 84. Hartenstein, Kress and Reinig, "A New FPGA Architecture for Word-Oriented Datapaths," (("Hartenstein")) is a 4th International Workshop on Field-Programmable Logic and Applications, FPL '94 (Sept. 7-9, 1994) proceeding paper. Hartenstein is discussed in a number of [Plaintiff's] papers authored by Martin Vorbach as being one of the earliest teachings of a coarse-grained reconfigurable processing architecture similar to [Plaintiff's] XPP. The [Plaintiff's] papers refer to the Hartenstein rDPA architecture as KressArray. Hartenstein/KressArray is not cited in any of the patents in suit.
>
> * * *
>
> 86. The rDPA architecture in Hartenstein is designed for efficient use in bus-oriented systems. In particular, rDPA chips communicate with each other over serial links in a manner that is "completely transparent" to the user. Hartenstein, at 145. The serial interfaces are implemented using dedicated parallel to serial converter and serial parallel converter circuits so that user logic in the rDPA array is unaffected by the conversion. Hartenstein, at 145, Fig. 1. Hartenstein also discloses a bus system using a dedicated bus interface chip that is external to the reconfigurable rDPA array and that includes a control unit, register file and an address generation unit. Hartenstein, at 147 and Fig. 3. The dedicated chip I/O and bus interface connects to an internal global I/O bus allowing the dynamically reconfigurable cells in the rDPA array to communicate directly with devices external to the chip. Hartenstein, at 145. For the above reasons, Hartenstein tracks the alleged invention disclosed and claimed in the PACT's 181, 106 and 077 patents more closely than the cited art.

3/28/2011 Expert Report of Joseph C. McAlexander III, Dkt. No. 174, Ex. A at ¶¶ 43, 84 & 86.

Defendants respond that they "are not asserting inequitable conduct and will not do so at trial" and that "Mr. McAlexander did not render an opinion on inequitable conduct." Dkt. No. 208 at 1 (emphasis omitted). Defendants argue that Mr. McAlexander's opinions on the

Hartenstein reference are "independently relevant to patent invalidity" because "there is no reason to defer to the PTO so far as its effect on validity is concerned when an attacker produces prior art or other evidence not considered in the PTO." *Id.* at 3 (quoting *Medical Designs, Inc. v. Med. Tech., Inc.*, 786 F. Supp. 614, 618 (N.D. Tex. 1992)).  Defendants conclude that Plaintiff's motion is "vague, overbroad, and unwarranted" because, for example, Plaintiff's proposed order would exclude all opinions relating to "PTO proceedings." *Id.* at 5.

Plaintiff replies by pointing out specific portions of the above-quoted portions of Mr. McAlexander's report that address the duty of candor, Plaintiff's knowledge of the Hartenstein reference, whether Hartenstein is more material to patentability than other art cited to the PTO, and the average amount of time that an examiner has to work on a patent application. Dkt. No. 224 at 2-4.  Finally, Plaintiff "does not object to Defendants' mentioning that Hartenstein was not before the PTO as to certain of [Plaintiff's] patents." *Id.* at 3 n.2.

In sur-reply, Defendants emphasize that in *Microsoft Corp. v. i4i Limited Partnership*, the Supreme Court of the United States confirmed that in assessing an invalidity defense, the jury may consider whether or not the PTO had an opportunity to evaluate the prior art at issue. Dkt. No. 250 at 2 (citing 131 S. Ct. 2238, 2251 (2011)).

Because Defendants are not asserting inequitable conduct, the parties agreed at oral argument that Mr. McAlexander's opinions on the duty of candor and Plaintiff's knowledge should be excluded.  Fed. R. Evid. 402 & 403.  Mr. McAlexander can nonetheless opine on the strength of the Hartenstein reference as prior art and can explain that the Hartenstein reference was not considered by the examiner during prosecution.  This Order does not preclude Defendants from asking Mr. Vorbach about the closeness of the Hartenstein reference to his invention.  However, Defendants must take care to avoid creating any implication that Mr.

Vorbach had prior knowledge of the Hartenstein reference or that he improperly withheld the reference from the examiner. Finally, Defendants have agreed that inequitable conduct is not at issue, and that Mr. McAlexander's opinion regarding PTO practices and procedures are not relevant.

Plaintiff's motion is therefore hereby GRANTED so as to STRIKE the following portions of the above-quoted paragraphs of Mr. McAlexander's report:

> 43. . . . I further understand that everyone who applies for a patent as an inventor, who assists in the application, or who acts as an attorney, must disclose anything that is material to patentability, that is, something someone of ordinary skill in the art at the relevant time would like to see if trying to determine if an invention is new. It is also my understanding that a patent examiner has about an average of 18 hours total to work on each application, including the review of materials on novelty of the invention, and that an applicant has no opponent or adversary in this process as in a Court case.
>
> * * *
>
> 84. . . . Hartenstein is discussed in a number of [Plaintiff's] papers authored by Martin Vorbach as being one of the earliest teachings of a coarse-grained reconfigurable processing architecture similar to [Plaintiff's] XPP. . . .
>
> * * *
>
> 86. [nothing stricken]

## CONCLUSION

Plaintiff's Motion to Strike Certain Expert Opinions of Defendants' Expert Mr. McAlexander (Dkt. No. 174) is hereby **GRANTED IN PART** and **DENIED IN PART** in accordance with the foregoing.

**SIGNED this 26th day of April, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE