IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § § | |
| v. | § § | Case No. 2:07-CV-563-RSP |
| XILINX, INC., et al. | § § | |

## MEMORANDUM ORDER

Plaintiff PACT XPP Technologies, AG has retained Mr. Nawrocki to provide his expert opinion on damages arising from Defendants Xilinx, Inc.'s and Avnet, Inc.'s alleged infringement of the asserted patents. Before the Court is Defendants' Motion[1] to Strike the Expert Reports and Exclude the Testimony of James J. Nawrocki (Dkt No. 185, filed May 27, 2011). Having considered the parties' arguments, Defendants' motion is **DENIED**.

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. A trial court is "charged with a 'gatekeeping role,' the objective of which is to ensure that expert testimony admitted into evidence is both reliable and relevant." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008).

---

[1] Defendants' motion objects to portions of Mr. Nawrocki's opinion that relate to the dynamic reconfiguration patents, which are no longer being asserted by PACT. Accordingly, the Court overrules those objections as moot.

## DISCUSSION

A.   **Apportionment and the Entire Market Value**

Defendants object to Mr. Nawrocki's damages opinion on two related grounds: 1) that Mr. Nawrocki failed to properly apportion the value of the patented features, and 2) that Mr. Nawrocki improperly applies the entire market value rule. Because the Court finds that Mr. Nawrocki apportioned the value attributable to the patented features, the Court overrules the objections.

When a patent covers a single feature of an accused product, the patentee must apportion the value of the accused product between the patented feature and the unpatented features using reliable and tangible evidence. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1337 (citing *Garretson v. Clark*, 111 U.S. 120 (1884)). However, if the patented feature is the "basis for customer demand" for the accused product, then the entire market value rule permits the patentee to recover damages based upon the entire value of the accused product. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1549 (Fed. Cir. 1995) (en banc).

   1.   **Apportionment**

The parties appear to agree that the entire market value rule does not apply in this case. Therefore, the Court is left to determine whether Mr. Nawrocki properly apportioned the value of the accused products between the patented feature and their unpatented features. Mr. Nawrocki attributes 30% of the value of the accused products to the asserted bus interface patents. Defendants argue that this opinion should be excluded because Mr. Nawrocki merely adopts the opinion of PACT's technical expert, Dr. Tredennick, that "robust system I/O" accounts for 30% of the value of the accused products, without verifying the value or tying it more closely to the value of the patented features. Dkt. No. 185 at 10-11. Defendants also criticize Mr. Nawrocki's interpretation of the evidence as being arbitrary and unreliable. *Id.* In response, PACT describes

the analysis and evidence supporting Mr. Nawrocki's opinion. PACT contends that the 30% figure is derived from Xilinx's customer surveys and internal reports, referred to as the "SLE" and "Boardwalk" reports. Dkt. No. 220 at 7-12.

The Court finds that Defendants criticisms go more to the weight the jury should accord Mr. Nawrocki's opinion, and not to its admissibility. Although Defendants largely disagree with Mr. Nawrocki's interpretation of the evidence, Defendants have not shown that Mr. Nawrocki's apportionment methodology is unreliable or that there are no facts to support his opinion. Accordingly, the Court overrules Defendants' objection to Mr. Nawrocki's apportionment opinion.

### 2. Entire Market Value Rule

Defendants argue that Mr. Nawrocki improperly invokes the entire market value rule by using the average sales price of the accused products in his calculation of a per-unit running royalty rate for the asserted patents. Dkt. No. 185 at 11-13. PACT admits that Mr. Nawrocki's analysis starts with the average sales price of the accused products, but argues that the entire market value is not being invoked because Mr. Nawrocki apportioned the average sales price using the 30% apportionment factor, and made other adjustments to account for the profitability of the accused products. Dkt. No. 220 at 4-6 and 12; Nawrocki Rep., Dkt. No. 220-2 ¶¶ 153-154. The Court agrees with PACT that Mr. Nawrocki apportioned the average sales prices of the accused products to account for the contribution of the unpatented features to the accused products' value, and therefore did not invoke the entire market value rule. Defendants' entire market value rule objection is overruled.

### B. Application of the *Georgia-Pacific* Factors

Defendants object to Mr. Nawrocki's analysis of the Georgia-Pacific factors because it merely recites the factors without clearly explaining how each factor was used to determine the

royalty rate. Dkt. No. 185 at 13-15. PACT argues that Mr. Nawrocki's report includes a discussion of each factor and the specific evidence considered. Dkt. No. 220 at 14-15. The Court has reviewed Mr. Nawrocki's report and is convinced that Mr. Nawrocki adequately explained the methodology used to arrive at his opinion, and explained the evidence that supports his position. Therefore, the Court overrules Defendants' objection.

**C.     Reliance on Erroneous Sales Data**

Defendants object to Mr. Nawrocki's opinion because it relies on sales data that contains errors. Dkt. No. 220 at 15. Defendants represent to the Court that their reporting system inadvertently counted sales multiple times, and thus their previously produced sales data overstates the sales of accused products. *Id.* PACT explains that Mr. Nawrocki has not updated his damages opinion using Defendants' corrected sales data because PACT "is currently reviewing this newly produced data" to determine its accuracy. Dkt. No. 220 at 15. PACT previously asked the Court to exclude Defendants' witnesses who could testify to the source of the error and the accuracy of the corrected sales data. *See* Mem. Order, Dkt. No. 318. The Court denied PACT's motion so that Defendants may call the witnesses at trial if PACT intends to use the allegedly erroneous sales data.

The issue of which sales data accurately reflects the sales of the accused products is a disputed issue of fact, which is for the jury to resolve. Therefore it is proper for Mr. Nawrocki to rely on the uncorrected sales data, even though he may be vulnerable to cross examination on this point. Defendants objection is overruled.

- 5 -

## CONCLUSION

As all of Defendants' objections to Mr. Nawrocki's opinions have been overruled, Defendants' motion is DENIED.

**SIGNED this 10th day of May, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE