# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § | |
| | § | |
| v. | § | Case No. 2:07-CV-563-RSP |
| | § | |
| XILINX, INC., et al. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion for a New Trial (Dkt. No. 398, filed June 25, 2012). Defendants request a new trial on the issues of infringement, willful infringement, and invalidity on the grounds that the Defendants were substantially prejudiced by the improper exclusion of evidence. (Mot. at 2.) PACT argues that Defendants are not entitled to a new trial because the evidence was properly excluded and Defendants cannot demonstrate any prejudice resulting from the evidence's exclusion. (Resp. at 1-2.)

## APPLICABLE LAW

After a jury trial, the Court may grant a new trial on all or some issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). "Any error in the admission or exclusion of evidence 'should not be the basis for setting aside the judgment' unless 'the substantial rights of the parties were affected.'" *Retractable Tech., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296 (Fed. Cir. 2011) (quoting *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994)).

## DISCUSSION

### 1. Exclusion of Statements from the Reexamination History

Defendants sought to introduce statements made by the patentee during reexamination that they contend demonstrate the meaning of the term "permanent," and illustrate how the patent was allowed over the prior art at issue in the reexamination. (Mot. at 2-7.) "Permanent" is a term that the parties included in their agreed upon construction for the claim term "interface" and "interface unit," and the terms appear in all of the asserted claims.

The Court has considered the parties' arguments and finds that the evidence was properly excluded. Defendants concede that the entire reexamination history was admitted into evidence. Therefore, Defendants are seeking a new trial on the basis that some questions and demonstratives based on the reexamination history were excluded. During the trial, the Court found that the relevance of the excluded demonstratives and evidence was substantially outweighed by the danger of misleading the jury to consider whether the patentee disclaimed certain meanings of the term "permanent." However, whether statements made during prosecution had the effect of disclaiming claim scope is a claim construction issue for the Court to decide, and disputes over the proper scope and construction of the claims should not be presented to a jury for resolution in the first instance. *O2 Micro Int'l Ltd. v. Beyond Innov. Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).

Although Defendants had notice of how PACT intended to prove that the agreed claim construction was met by the accused products,[1] Defendants did not present the alleged dispute over the meaning of the agreed construction to the Court for resolution, and instead sought to argue its position directly to the jury. In these circumstances, any prejudice from the exclusion

---

[1] For example, PACT's expert was asked questions directed to his understanding of the meaning of "interface unit" and its application to the accused products at his deposition.

of its claim construction argument resulted from Defendants' failure to seek timely and proper relief from the Court.

**2. Exclusion of DX48 and DX912**

Defendants object to the exclusion of DX48, and the English-language translation of the exhibit, DX912. The exhibit is an internal PACT email sent by Markus Weinhardt to Martin Vorbach. Defendants offered the exhibit to impeach the following portion of Mr. Vorbach's testimony during cross-examination:

> Q. Okay. And you're denying you sent [the DSP48 manual] to one of your engineers to be examined?
>
> A. I recall it differently.

(5/14 p.m. Trial Tr. 98:10-12.) PACT objected to admitting the exhibit on the grounds that it was not proper impeachment.

The Court has reviewed DX48/912 and finds that it is not proper impeachment evidence. DX48/912 does not indicate that Mr. Vorbach sent the manual to the engineer. At trial, Defendants failed to identify any other proper purpose for its admission. (*See* 5/14 p.m. Trial Tr. 98:1-102:21 (bench argument).) Therefore, the Court finds that DX48/912 was properly excluded. Even if DX48/912 was improperly excluded, Defendants were not prejudiced from its exclusion because Defendants were permitted to impeach Mr. Vorbach using his deposition testimony, where he admitted to sending the DSP48 manual to the engineer. (*Id.* at 103:8-104:18.)

**3. Exclusion of DX484**

DX484 is a copy of U.S. Patent No. 5,594,367, which issued to Xilinx engineer and trial witness Dr. Stephen Trimberger. Defendants included the '367 patent as a prior art reference in Dr. McAlexander's expert report regarding invalidity. PACT moved to strike the '367 patent

from the report on the grounds that it was not timely disclosed in Defendants' invalidity contentions. The Court considered all of the arguments advanced by Defendants to justify the late disclosure of the '367 patent and other references, and concluded that Defendants failed to show good cause to justify their failure to timely disclose the '367 patent and the other references. (Order, Dkt. No. 169 at 2-3.) Accordingly, the Court ordered that "Defendants are also precluded from introducing or relying upon these references as prior art invalidating the asserted patents." (*Id.*)

Defendants also argued that they timely disclosed the '367 patent in their disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) for Dr. Trimberger. Defendants represented to the Court that the '367 patent would be used as "background art . . . for other purposes, such as evidence of Xilinx's history of innovation and its independent research and development of products, or as evidence to rebut allegations by Plaintiff regarding secondary considerations of non-obviousness, willful infringement, and copying." (*Id.* at 4.) The Court agreed to permit only these uses for the '367 patent. (*Id.* at 4-5.)

During the course of Dr. Trimberger's testimony, PACT objected to the continued use of the '367 patent because it was being presented as prior art. After overruling several of PACT's objections, it became apparent to the Court that the '367 patent was "being used for invalidity, which is a purpose for which it has already been disallowed, and its other uses have simply proven too confusing to the jury." (5/16 p.m. Trial Tr. 3:9-15.)

The Court has considered the parties' arguments and finds that the '367 patent was properly excluded. Defendants did not, at the time of trial or in the present motion, demonstrate to the Court that the probative value of the '367 patent was not substantially outweighed by the danger of the jury using the '367 patent for an improper purpose. The Court agrees with PACT

that the '367 patent is only marginally relevant, if at all, to the issue of infringement because the law requires that the jury compare the accused products to the properly construed claims of the asserted patents. With respect to willfulness, PACT never alleged that Defendants copied, and PACT's closing argument specifically mentioned that PACT did not allege any copying. With respect to invalidity, Defendants do not offer any explanation of how their presentation of the DeHon and PCI Standard (the only prior art presented to the jury) was prejudiced by the exclusion of further testimony regarding the '367 patent. With respect to Xilinx's history of innovation and independent research, there was certainly more than ample evidence that Xilinx has introduced many technical innovations of its own.

## CONCLUSION

Having failed to demonstrate that the complained of evidence was improperly excluded or that Defendants were prejudiced by the improper exclusion of evidence, Defendants' Motion for a New Trial (Dkt. No. 398) is **DENIED**.

**SIGNED this 27th day of August, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE