IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § | |
| | § | |
| v. | § | Case No. 2:07-CV-563-RSP |
| | § | |
| XILINX, INC., et al. | § | |

## ORDER

Before the Court is Plaintiff PACT XPP Technologies, AG's Motion for Prejudgment Interest, Postjudgment Interest, and Taxable Costs (Dkt. No. 403).

**A. Prejudgment Interest**

A court should award interest in patent cases after a finding of infringement. 35 U.S.C. § 284. The purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty instead of infringing. *Beatrice Foods v. New England Printing*, 923 F.2d 1576, 1580 (Fed. Cir. 1991). Prejudgment interest should be awarded unless there is a significant justification for withholding such an award, such as a delay in bringing suit against the infringer. *See Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983); *Bio-Rad Labs. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986).

The interest rate used to calculate prejudgment interest and the method and frequency of compounding are left to the discretion of the district court. *See Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991); *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1579-80 (Fed. Cir. 1988). Prejudgment interest can only be applied to actual damages and not punitive or enhanced damages. *Beatrice Foods*, 923 F.2d at 1580. Interest should be awarded from the date of infringement to the date of final judgment. *Nickson Indus., Inc. v. Rol Mfg.*, 847 F.2d 795, 800 (Fed. Cir. 1988).

Defendants argue that Plaintiff delayed in bringing this suit resulting in prejudice to Xilinx, and therefore the Court should deny prejudgment interest. (Resp. at 2.) As discussed in the Court's findings of fact and conclusions of law related to Defendants' equitable defenses, the Court found that PACT did not unreasonably delay in bringing this suit, and that Xilinx has not been prejudiced. Accordingly, the Court declines Defendants' invitation to deny prejudgment interest.

The parties dispute the proper calculation of prejudgment interest. PACT argues that interest should be calculated using the average monthly prime rate for each quarter and compounded quarterly. (Mot. at 3.) Defendants argue that interest should be based upon the Treasury bill or commercial paper rate and compounded annually. (Resp. at 5-6.) After considering the parties' positions, the Court awards PACT prejudgment interest on the damages award using the average monthly prime rate for each quarter and compounded quarterly. Interest should be calculated from the date of infringement through the date of final judgment.

## B. Postjudgment Interest

PACT moves the Court for an award of postjudgment interest pursuant to 28 U.S.C. § 1961. (Mot. 3-4.) Defendants have not opposed the request. Accordingly, the Court awards PACT postjudgment interest under 28 U.S.C. § 1961.

## C. Costs

PACT moves the Court for an award of its taxable costs as a prevailing party pursuant to Federal Rule of Civil Procedure 54(d)(1). (Mot. at 4-5.) Defendants object to the award of costs without PACT first submitting a bill of costs. (Resp. at 8.) The Court finds that PACT is the prevailing party, and that it is entitled to an award of costs. Costs will be taxed against Defendants if PACT files a timely bill of costs pursuant to Local Rule 54.

## CONCLUSION

Plaintiff PACT XPP Technologies, AG's Motion for Prejudgment Interest, Postjudgment Interest, and Taxable Costs (Dkt. No. 403) is **GRANTED**.

**SIGNED this 3rd day of September, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE