# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § § | |
| v. | § § | Case No. 2:07-CV-563-RSP |
| XILINX, INC., et al. | § § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for an Ongoing Royalty and Supplemental Damages (Dkt. No. 404). PACT argues that it is entitled to an ongoing royalty for Xilinx's and Avnet's ongoing infringement of the asserted patents in lieu of a permanent injunction. The Federal Circuit has encouraged courts to allow the parties to negotiate a license amongst themselves regarding the future use of a patented technology prior to the court imposing a royalty. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 (Fed. Cir. 2007); *Telecordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1378-79 (Fed. Cir. 2010). Now that the parties' have the benefit of the Court's ruling on the post-trial motions, the Court believes that the parties should have an opportunity to mediate their ongoing royalty rate dispute.

Accordingly, to provide finality to the trial, the Court **SEVERS** PACT's claim for an ongoing royalty into a separate cause of action. *See* Fed. R. Civ. P. 21 ("The court may sever any claim against a party."). The parties are **ORDERED** to meet and confer to schedule mediation with 45 days of this order to attempt to negotiate a license. Should the parties fail to agree regarding Xilinx's and Avnet's future use of PACT's patents at the mediation, PACT is **ORDERED** to file the appropriate motion.

## CONCLUSION

PACT's Motion for an Ongoing Royalty and Supplemental Damages (Dkt. No. 404) is **DENIED** without prejudice to re-urging after the mediation. The Clerk is directed to assign a new cause number for the severed claim assigned to the undersigned.

**SIGNED this 3rd day of September, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE