## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| PACT XPP TECHNOLOGIES, AG | § | |
| | § | |
| v. | § | Case No. 2:07-CV-563-RSP |
| | § | |
| XILINX, INC., et al. | § | |

## MEMORANDUM ORDER

Before the Court is PACT XPP Technologies, AG's Motion for Attorney's Fees (Dkt. No. 401, filed June 27, 2012). The jury found that Xilinx willfully infringed claims 1, 3, 17, and 30 of U.S. Patent No. 6,119,181, and claim 8 of U.S. Patent No. 6,338,108. (Verdict, Dkt. No. 370.) The jury awarded $15,399,900 as a reasonable royalty. (*Id.*) The Court has denied Xilinx's Renewed Motion for Judgment as a Matter of Law of No-Willfulness, and in the Alternative, for a New Trial. (*See* Mem. Order, Dkt. No. 442.) The Court has also granted PACT's Motion for Enhanced Damages. (*See* Mem. Order, Dkt. No. 443.)

## APPLICABLE LAW

In patent infringement actions, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. As the Federal Circuit has noted, "[d]istrict courts have tended to award attorney fees when willful infringement has been proven, and this court has uniformly upheld such awards." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 200 (Fed. Cir. 1986). In fact, the Court held that it was incumbent upon the district court to "explain why this is not an exceptional case in the face of its express finding of willful infringement." *Id.* at 201. The burden is on PACT to establish the exceptional nature of this case by clear and convincing evidence, which is also the standard of proof for willfulness. In this case, the jury expressly found that the infringement by Xilinx was willful. Furthermore,

the Court found, as set forth in the August 30, 2013 Memorandum Order (Dkt. No. 443 at 7) awarding enhanced damages, that "Xilinx carried out a knowing and calculated plan to acquire PACT's patented technology without compensation." That finding was also supported by clear and convincing evidence. The Court concludes that this finding of fact, together with the jury's finding of willful infringement, render this an exceptional case within the meaning of § 285.

Even after a case has been found to be exceptional, the court must make the equitable determination whether attorney's fees are appropriate. *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1382 (Fed. Cir. 2005). In deciding the appropriateness of awarding fees, the court considers "the degree of culpability of the infringer, the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." *Juicy Whip, Inc. v. Orange Bang, Inc.*, 382 F.3d 1367, 1373 (Fed. Cir. 2004). The same analysis that supports the award of enhanced damages and the finding of exceptionality in this case also supports the award of attorney's fees.

Xilinx raises two other issues concerning the propriety of any award of fees. First, it contends that PACT is not a "prevailing party" within the meaning of § 285 because PACT started its case asserting 11 patents and ultimately took just two to trial. However, Xilinx requested that the Court limit the number of asserted patents and claims in order to make this case more manageable. In response, PACT simply decided to limit its case to the strongest claims in to avoid a Court-ordered limitation on the number of asserted claims, and in view of court-imposed limitations on discovery, claim construction and trial time. The other 9 patents were not found uninfringed or invalid. PACT prevailed on all of the claims and defenses that were actually presented to the jury. There can be no reasonable argument that PACT is not the prevailing party.

Second, Xilinx contends that PACT has not presented the Court with sufficient documentation to support its fee request.  The Federal Circuit made clear in *ClearValue, Inc. v. Pearl River Polymers, Inc.,* 560 F.3d 1291, 1305 (Fed. Cir. 2009), that there is no set format in which a prevailing party must present its evidence of attorney's fees.  By relying upon *Wegner v. Standard Insurance Co.,* 129 F.3d 814, 822 (5th Cir. 1997), the Court implicitly approved making an award based on a "six-line spreadsheet, indicating only the hours, rate, and fees incurred by each attorney" with no description of individual tasks.  The documentation filed by PACT surpasses this standard, but the Court chose to delve further.  Both of the law firms requesting fees have submitted to the Court for *in camera* review the detailed billing records supporting the summaries presented with their motion.  A review of those records by the Court shows that the summaries are properly supported, the work was reasonably related to the issues in the case, and does not appear to be excessive.

## CALCULATION OF AN APPROPRIATE FEE

PACT has requested an award of $2,403,874.83, which it represents is 37.5% of the fees incurred, and is calculated as follows.  The case was divided into three temporal phases based on the maximum number of patents at issue during each phase.  The first phase was from filing through June 24, 2011, when as many as 11 patents were asserted.  Because PACT ultimately prevailed on only the two patents asserted at trial, it limited its fee request to 2/11ths (18.2%) of the fees incurred during this phase.  The second phase was from June 25, 2011 through April 15, 2012 when no more than 7 patents were at issue.  Thus it sought only 2/7ths (28.6%) of the fees incurred during this second phase.  Finally, the last phase ran from April 16, 2012 through May 31, 2012 when PACT had limited the case to the two patents asserted at trial.  For this last phase, PACT requested 2/2ds (100%) of the fees incurred.  This method covers the hours component of the lodestar calculation.

With respect to the hourly rate component of the lodestar, PACT listed the average hourly rate charged by each of the attorneys for whose services fees are sought for each separate phase.  The reasonableness of these rates were cross-checked against the Report of the Economic Survey for 2011 published by the American Intellectual Property Law Association, which shows an average hourly rate for both associates and partners practicing in the intellectual property field in Texas.  Xilinx points out that PACT is seeking rates that exceed the 75th percentile for three of the lawyers for whom fees are sought.  (Dkt. No. 408 at 13).   PACT responds that reducing these hourly rates to the 75th percentile would cause a 5% reduction in the fee request.  (Dkt. No. 413 at 5).  Xilinx agrees with that calculation.  (Dkt. No. 423 at 5).  The Court agrees with Xilinx that there is insufficient justification for an award at a rate in excess of the 75th percentile. Accordingly, the fees awarded will be reduced by 5% on this basis.

The Court finds that the number of hours sought by PACT is conservative, perhaps more so than the Court would have been inclined to award otherwise.  The discount of the requested fees based on the number of patents asserted at any given time likely underestimates the time spent on the patents that were ultimately presented to the jury, since it is very likely that throughout each phase of the case more time was spent on the strongest claims.  The two patents that were successfully presented to the jury were the strongest of the claims.  Additionally, the fee request does not include the services of local counsel, who were observed by the Court to have rendered substantial services.   Accordingly, the Court will accept the hours sought by PACT.

## CONCLUSION

After considering all of the evidence and the parties' arguments, the Court finds that attorney's fees in the amount of $2,283,681 are appropriate and will be included in the Judgment.

**SIGNED this 3rd day of September, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE